ORIGINAL

**CIVIL RIGHTS COMPLAINT**
**42 U.S.C. § 1983**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 26 2014 ★
BROOKLYN OFFICE

REGINALD FAYTON 02A1656
Full name of plaintiff/prisoner ID#

Plaintiff,

JURY DEMAND
YES X NO ____

-against-

CV 14 1963

NEW YORK CITY, NEW YORK CITY POLICE DEPT, JUAN JORGE NEW YORK CITY POLICE OFFICER, NEW YORK CITY POLICE DEPT. HOSTAGE NEGOIATION UNIT JOHN DOE'S, NEW YORK CITY POLICE K-9 UNIT JOHN DOE'S, NEW YORK CITY POLICE DEPT. EMERGENCY SERVICE UNIT JOHN DOES, et al.

Defendants.
---------------------------------------------------x

I. Previous Lawsuits:

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (X)

B. If your answer to A is yes, describe each lawsuit in the space below (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

Plaintiffs: N/A

Defendants:

2. Court (if federal court, name the district; if state court, name the county)

3. Docket Number: N/A

4. Name of the Judge to whom case was assigned:    N/A

5. Disposition: (for example: Was the case dismissed?  Was it appealed?  Is it still pending?)    N/A

6. Approximate date of filing lawsuit:    N/A

7. Approximate date of disposition:    N/A

II.    Place of Present Confinement: CLINTON CORRECTIONAL FACILITY

A.  Is there a prisoner grievance procedure in this institution?  Yes (X) No (  )

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?  Yes (  )  No (X)

C.  If your answer is YES,

   1. What steps did you take?

   N/A

   2. What was the result?

D.  If your answer is NO, explain why not THE PRISON LITIGATION AND REFORM ACT (PLRA) DOES NOT REQUIRE THE EXHAUSTION IN THIS MATTER

E.  If there is no prison grievance procedure in the institution, did you complain to prison authorities?  Yes (  )   No (  )

F.  If your answer is YES,

   1. What steps did you take?

   N/A

   2. What was the result?

III.   Parties:

(In item A below, place your name in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.)

A.  Name of plaintiff   REGINALD FAYTON

Address   800 VICTORY BLVD., STATEN ISLAND, NY 10301

(In item B below, place the full name and address of each defendant)

B.  List all defendants' names and the addresses at which each defendant may be served. Plaintiff must provide the address for each defendant named.

Defendant No. 1

NEW YORK CITY, COMPTROLLER'S OFFICE
1 CENTRE STREET, ROOM 122.5
NEW YORK, NEW YORK 10007

Defendant No. 2

NEW YORK CITY POLICE DEPARTMENT
120 PCT., 78 RICHMOND TERRACE
STATEN ISLAND, NY 10301

Defendant No. 3

JUAN JORGE, NYPD POLICE OFFICER
120 PCT., 78 RICHMOND TERRACE
STATEN ISLAND, NY 10301

Defendant No. 4

JOHN DOES, NYPD EMERGENCY SERVICE UNIT
78 RICHMOND TERRACE
STATEN ISLAND, NY 10301

Defendant No. 5

JOHN DOES, NYPD HOSTAGE NEGOTIATION UNIT
78 RICHMOND TERRACE
STATEN ISLAND, NY 10301

[Make sure that the defendants listed above are identical to those listed in the caption on page 1].

III.    Parties:

(In item A below, place your name in the first blank and place your present
address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff _____

Address _____

CONTINUATION

(In item B below, place the full name and address of each defendant)

B. List all defendants' names and the addresses at which each defendant may be served.
Plaintiff must provide the address for each defendant named.

Defendant No. 6        John Does NYPD K-9 UNIT
                       78 RICHMOND TERRACE
                       STATEN ISLAND, NSY 10301

Defendant No. 7        et al
                       _____
                       _____
                       _____

Defendant No. 8        _____
                       _____
                       _____

Defendant No. 9        _____
                       _____
                       _____

Defendant No. 10       _____
                       _____
                       _____

[Make sure that the defendants listed above are identical to those listed in the caption on page 1].

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
─────────────────────────────x
REGINALD FAYTON                   :
          Plaintiff,             :
                                 :
     -v-                         :
                                 :
NEW YORK CITY, NEW YORK CITY POLICE   :        Civil Action No _____
DEPARTMENT, JUAN JORGE NEW YORK CITY  :        Complaint.
POLICE OFFICER, NEW YORK CITY POLICE  :
DEPARTMENT HOSTAGE NEGOIATION UNIT    :
JOHN DOES', NEW YORK CITY POLICE K-9  :
UNIT JOHN DOES', NEW YORK CITY POLICE :
DEPARTMENT EMERGENCY SERVICE UNIT     :
JOHN DOES', et al,               :
          Defendants,            :
                                 :
─────────────────────────────x
```

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This Court has jurisdiction under U.S.C. Section 1331 and 1343 (a)(3).

2. The Easteren District of New York is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff Reginald Fayton is and was at all times mention herein is a resident of Staten Island, Richmond County, New York and he was falsely aressted by New York City police department and malicious presecuted.

4. Plaintiff Reginald Fayton is and was at all times mention herein a prisoner of New York City Department of Correctiona from 07/28/13 until 08/02/14.

## III. DEFENDANTS

5. Defendant New York City is a municipality who at all times mention herein is the employer of New York City police department.

6. Defendant New York City Police Department is a law inforcement agency which is charge with maintaing law and order and investigation of crimes.

7. Defendant Juan Jorge is a police officer of New York City Department of Police who at all times mention in this complaint held a rank of a p police officer and was assigned to 120th precinct.

8. Defendants' John Does' are police officers' of New York City police department who at all times mention in this complaint were assign to the New York City Police Department as members of the hostage Negoiation Unit located in Staten Island, Richmond County.

9. Defendants' John Does' are police officers' of New York City Police Deapartment who at all times mention in this complaint were assign to the New York City Police Department K-9 Unit located in Staten Island, Richmond County.

10. Defendants' John Does' are Police Officers' of New York City Police Department who at all times mention in this complaint were assign to the New York City Police Department Emergency Service Unit located in Staten Island, Richmond County.

11. Defendants' John Does' are prosecutors' of New York City District Attorneys' Office who at all times mention in this complaint were assign to the New York City District Attorneys' Office located in Staten Island, Richmond County.

12. Each defendant is sued individually and in his official capacity. New York City and New York City Police Department are sued under their municipal capacity. At all times mention in this complaint each of the defendants' acted under the color of State Law.

## IV. FACTS

13. On July 28, 2013 plaintiff was in his apartment when plaintiff got into a disagreement with his girlfriend, it started to get out of hand plaintiff phone for police assistance. Plaintiff girlfriend had left the apartment.

14. Unpon information and belief a second call was place to the police alleging a disturbance at plaintiff residence. Without a search warrant or an arrest warrent a unit of police officers' consiting of hostage negoiation unit, K-9 unit, and emergency service unit break down the front door of plaintiff apartment and enter without consent.

15. Plaintiff was order to get down on his knees and to place his hands behind his head and lay down on the floor. Soon after plaintiff was place in handcuffs and forceibly ejected from his apartment.

16. Plaintiff was place in a police car in front of his apartment building for about an hour while his apartment was search allegedly for weapons without his consent or a search warrant.

17. After the search plaintiff was transported to the 120th precint and formally placed under arrest by defendant Juan Jorge.

18. On July 28, 2013 plaintiff was arraign before a Criminal Court Judge who set bail in the amount of 2,500.

19. Plaintiff was charge with violating Penal Law § 120.00 assult.

20. From July 28, 2013 thru October 10, 2013 plaintiff was at the Rikers Island Otis Bantum Correctional Center due to his inability to post bail because a detainer against him was enter by New York State Divison of Parole.

21. On October 10, 2013 all charges were dismiss with prejudice and the record order sealed by a Richmond County Criminal Court Judge.

22. Plaintiff was order held for 12 months by the New York State Divison of Parole due to the arrest and detention of plaintiff on July 28, 2013 and sent to Downstate Correctional Facility on December 24, 2013 with a release date set for August 2, 2014.

23. Due to the underlying false arrest, malicious presecution and incarceration plaintiff was terminated from his employment.

## V. EXEAUSTION OF LEGAL REMEDIES

24. The prison litigation and reform act PLRA does not require exeaustion of administrative remedies of prison grievance in this instant case.

## VI. LEGAL CLAIMS

25. Plaintiff reallege and incorporate reference paragraphs 1-24.

26. Defendants' New York City, New York City Police Department Hostage Negoiation Unit, K-9 Unit, and Emergency Service Unit used execessive force to break down plaintiff apartment door.

27. Defendants' New York City, New York City Police Department, Police Officers', Hostage Negoiation Unit, K-9 Unit, and Emergency Service Unit did not have exigency of circumstances for a warrantless domestic intrusion and illegal search and seizure.

28. That defendants' Juan Jorge New York City Police Officer and New York City Police Department falsely arrested plaintiff without probable cause.

29. That defendants' New York City Prosecutors' and New York City Police Department Officer Juan Jorge maliciously persecuted plaintiff.

30. That defenadnts' New York City, New York City Police Department, Police Officer Juan Jorge, Hostage Negoiation Unit, K-9 Unit, and Emergency Service Unit actions violated plaintiff right under United States Constitution IV, VIII, IX, and XIV Admendments.

31. That defendants' illegal actions caused plaintiff pain, suffering, emotional distress, loss of liberty, privacy, income and pursuit of happiness. While incarcerated plaintiff was subjected to State created danger.

32. Plaintiff Reginald Fayton does not have plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants' unless this Court grants this decleratory judgment.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully pray that this Court enter judgment.

33. Granting plaintiff Reginald Fayton a declaration that acts and omissions described herein violated his right under the Constitution and Laws of the United States.

34. Granting plaintiff Reginald Fayton compensatory damages in the amount of 5.000,000 against each defendant, jointly and severally.

35. Plaintiff seek punitive damages in the amount of 5.000,000 against each defendant, jointly and severally.

37. Any additional relief this Court deems just, proper, and equitable.


Dated:
Respectfully Submitted,
Reginald Fayton
800 Victory Blvd., #1D
Staten Island, NY 10301




I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.


Excuted at Staten Island Richmond County New York on the _____ day of
_____, 2014.

Reginald Fayton pro se

V.     Relief:

State what relief you are seeking if you prevail on your complaint.

I declare under penalty of perjury that on __3/24/14__ , I delivered this
                                            (Date)
complaint to prison authorities to be mailed to the United States District Court for the Eastern

District of New York.


Signed this __24__ day of __MARCH__ , 20__14__ . I declare under penalty of

perjury that the foregoing is true and correct.


_____
Signature of Plaintiff

CLINTON CORRECTIONAL FACILITY
Name of Prison Facility

P.O. Box 2001
DANNEMORA, NEW YORK
12929
Address

02A1656
Prisoner ID#